IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BARBARA WHITEHORSE,** on behalf of
**DARNEL WHITEHORSE,** a minor,

      Plaintiff,

vs.

**UNITED STATES OF AMERICA,** *et al.*,

      Defendants.

No. 15-CV-0087-MV-LF

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Jackson & Coker's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. 7] and Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support of the Same [Doc. 14]. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully-informed, finds that Defendant Jackson & Coker's Motion to Dismiss [Doc. 7] is not well-taken and therefore will be **DENIED** and that Defendant United States' Motion to Dismiss [Doc. 14] is well-taken and therefore will be **GRANTED.**

### BACKGROUND

The factual description necessary to resolve the Motions before the Court is easily summarized. Succinctly stated, Plaintiff alleges that "[o]n about September 10, 2012, Darnel Whitehorse was admitted to [the Northern Navajo Medical Center ('NNMC')] for nasal reconstruction surgery to be performed by Dr. Vladimir

1

Zuzukin." Doc. 1 ¶ 22.  The physician, she continues, "appeared to be a regular staff member of the medical staff at NNMC, and was believed by plaintiff to be an employee of the hospital."  *Id.* ¶ 23.  Moreover, Plaintiff states that she "signed no informed consent form for the surgery" and that she was "told the surgery would take only a few hours, but instead, the surgery lasted approximately twelve (12) hours, and was much more complicated than anticipated by Dr. Zuzukin and other staff/employees of NNMC."  *Id.* ¶¶ 24, 26.  Unfortunately, after the surgery, Darnel Whitehorse "had to be admitted to the NNMC Intensive Care Unit," in part because of "the length of time he was kept under anesthesia."  *Id.* ¶ 27.

Approximately two weeks after the surgery, on or about September 26, 2012, "Darnel Whitehorse went to a follow-up visit with defendant Dr. Zuzukin," at which he "complained of 'crusting', nasal obstruction, and the fact that his nose looked deformed."  *Id.* ¶ 28.  According to Plaintiff, "Darnel Whitehorse's post-surgical appearance was marred due to the surgery, caused him distress and anxiety, and left him feeling uncomfortable outside the home, or when being 'seen' by others."  *Id.* ¶ 30.  Eventually, after consultation at the University of New Mexico Hospital, "Darnel Whitehorse underwent surgery at UNMH in an attempt to reconstruct his nose.  This surgery helped somewhat and corrected some of the nasal deformity."  *Id.* ¶ 35.  However, this procedure "was only able to correct some of the nasal Deformity," such that Darnel Whitehorse may need additional surgical intervention in the future.  *Id.* ¶ 36.

As a result of this alleged negligence, Plaintiff "filed, with the Department of Health and Human Services, a timely administrative claim for money damages under the FTCA" because she believed that Dr. Zuzukin was an employee of the NNMC, and, therefore, an employee of the United States. *See, e.g., id.* ¶ 15. This claim was ultimately denied by the United States and, on February 2, 2015, Plaintiff "Barbara Whitehorse on behalf of her son Darnel Whitehorse, a minor," filed the instant civil action in this Court "for monetary damages arising from the negligence of Dr. Vladimir Zuzukin, a medical doctor, who at the time of the alleged incident was working at the [NNMC] located in Shiprock, New Mexico." *Id.* at 1. Plaintiff also named as a Defendant Jackson & Coker Locum Tens, LLC ("J&C"), "as an alternate claim in the event Dr. Zuzukin was not an employee of the United States" and instead an employee of J&C. *Id.* ¶¶ 44-46.

On March 4, 2015, Defendant J&C filed a Motion to Dismiss [Doc. 7]. Plaintiff timely responded on March 16, 2015 [Doc. 8] and Defendant J&C timely replied on March 30, 2015 [Doc. 11]. Then, on April 10, 2015, Defendant United States filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support of the Same [Doc. 14]. Plaintiff did not respond and on June 2, 2015, the United States filed a notice that briefing on the Motion had been completed. *See generally* Doc. 18. The Court views this Motion as logically prior to J&C's Motion and, therefore, will address it first.

## DISCUSSION

### I. Local Rule 7.1(b) and Failure Timely to Respond

As an initial matter, Defendant United States correctly notes that local rule 7.1(b) states that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." *See* Doc. 18 at 1 (quoting D.N.M.LR-CIV.7.1(b)). However, it is settled law in this circuit that, despite the apparently definitive phrasing of the local rule, a court must address the merits of a motion to dismiss. *See, e.g., Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."). Accordingly, the Court will turn to the merits of the government's Motion.

### II. The Federal Tort Claims Act and Federal Employee Status

The Federal Tort Claims Act ("FTCA") effects a "broad waiver of sovereign immunity" for torts arising out of the conduct of employees of the United States. *Millbrook v. United States*, 133 S. Ct. 1441, 1443 (2013). However, "[t]his unequivocal waiver of immunity must be construed narrowly and the limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (internal quotation marks omitted). As is pertinent here, a corollary to this fundamental proposition is that the FTCA does

not waive the federal government's sovereign immunity for the allegedly tortious conduct of independent contractors. *See, e.g.*, *Tsosie v. United States*, 452 F.3d 1161, 1163 (10th Cir. 2006) ("Although 'employees' of the government include officers and employees of federal agencies, 'independent contractors' are not 'employees.'"); *Bethel v. United States*, 456 F. App'x 771, 777 (10th Cir. 2012) ("[the] FTCA does not authorize suits based on the acts of independent contractors or their employees.") (internal quotation marks omitted).

Thus, for liability to attach in the instant case, Dr. Zuzukin must be an "employee," of the United States, rather than merely a contractor. This question is resolved by reference to federal law. *See Waconda v. United States*, No. CIV 06-0101 JBACT, 2007 WL 2219472, at *5 (D.N.M. May 23, 2007) ("The United States Court of Appeals for the Tenth Circuit has described it as well settled that the question whether one is an employee of the United States is to be determined by federal law.") (internal quotation marks omitted). Under Tenth Circuit law, the "key inquiry" is whether "the Government supervises the day-to-day operations of the individual." *Lilly v. Fieldstone*, 876 F.2d 857, 858 (10th Cir. 1989) (internal quotation marks omitted). Further, in cases involving physicians, the Tenth Circuit has articulated and repeatedly applied a seven-factor inquiry to guide the court's determination; the inquiry asks the trial court to consider:

> (1) the intent of the parties; (2) whether the United States controls only the end result or may also control the manner and method of reaching the result; (3) whether the person uses his own equipment or that of the United States; (4) who provides liability insurance; (5) who pays social security tax;

5

(6) whether federal regulations prohibit federal employees from performing such contracts; and (7) whether the individual has authority to subcontract to others.

*Tsosie*, 452 F.3d at 1163-64. Here, consideration of these factors makes it apparent that Dr. Zuzukin was not, at the time of surgery, an employee of the United States.

First, the contract between the hospital and Defendant J&C, who in turn employed Dr. Zuzukin, manifests the intent of the parties to establish an independent contractor relationship. *See generally* Doc. 14-5. *See also* Doc. 14-4 at 1 ("Dr. Vladmir Zuzukin worked as a contractor at Northern New Mexico Medical Center from July 11, 2012 to September 30, 2012, pursuant to a contract …"). Second, while the United States obviously contracted with Jackson & Coker for "provision of otolaryntology service for the ear, nose, throat (ENT) department at Northern Navajo Medical Center" on an "as needed" basis, there is no suggestion that the federal government "controlled the manner and method" of furnishing this care. Doc. 14-5 at 1. Third, although not obvious from the facts before the Court, the Court will assume, for the sake of argument, that Dr. Zuzukin relied on equipment and instruments provided by the United States. Fourth, J&C "carried its own professional liability insurance that covered Dr. Zuzukin." Doc. 14 at 6. Fifth, Dr. Zuzukin "was not on the United States payroll;" rather, J&C "was responsible for paying for necessary travel, per diem, housing, and applicable taxes," including payroll taxes, such as those that fund social security. *Id.* Sixth, no federal regulation prohibits the furnishing of these medical services by

contractors.  Seventh, J&C plainly retained the authority to subcontract others, as is apparent from their decision to contract with Dr. Zuzukin.

Accordingly, at most, the third of these seven factors weighs in favor of finding that Dr. Zuzukin was an employee of the United States at the time that he performed the surgery.  Absent a more compelling showing by Plaintiff, the Court will not override the clear intent the contract in this case, which plainly purports to establish an independent contractor relationship.  *See Tsosie*, 452 F.3d at 1165 ("the contract under which [the physician] performed his medical services did not contain mere form 'recitations' attempting to create an independent contractor status, but rather was carefully drafted to ensure that all hallmarks of such a relationship were present.").  Thus, the Court holds that Dr. Zuzukin was not an employee of the United States and that, consequently, the United States cannot be held liable for his conduct under the FTCA.  Thus, Plaintiff's claims against the United States will be dismissed.

### III.     Defendant Jackson & Coker's Motion to Dismiss [Doc. 7]

The sole claim against Defendant Jackson & Coker is that "Dr. Zuzukin was employed by J&C, a physician contracting agency" and that "[a]t the time of the complained of negligence by Dr. Zuzukin, he was acting within the course and scope of his employment with J&C, performing job duties for which his services were retained," such that "J&C is vicariously liable in damages for the negligence of Dr. Zuzukin under the doctrine of respondeat superior."  Doc. 1 ¶¶ 45-48.  J&C argues that Plaintiff has not stated a claim against it because "Plaintiff's Complaint fails to

7

plead any factual allegations from which the Court could reasonably infer a relationship between J&C and Dr. Zuzukin was that of employer-employee" and the theory of vicarious liability does not apply to independent contractors. Doc. 7 at 4. In her Response, Whitehorse contends that Defendant's argument is "nonsense" because the allegation that Dr. Zuzukin was an employee of J&C "itself is a statement of fact, and it requires no embellishing detail." Doc. 8 at 5.

Plaintiff has the better of this argument. It is now well-settled that on a motion to dismiss for failure to state claim, this Court asks "whether the factual allegations in the complaint, if accepted as true, allege a plausible claim for relief." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n.*, 771 F.3d 1230, 1236 (10th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Hence, the "court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial" but to determine whether the pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135-56 (10th Cir. 2014) (internal quotation marks and citations omitted).

Here, Plaintiff has plainly averred that Dr. Zuzukin was an employee of Defendant J&C during the relevant period; Plaintiff states that "Dr. Zuzukin was employed by J&C, a physician contracting agency" and that "[a]t the time of the complained of negligence by Dr. Zuzukin, he was acting within the course and scope of his employment with J&C, performing job duties for which his services were

retained." Doc. 1 ¶¶ 45, 47.  While the Court agrees that these allegations veer close to "formulaic recitation of the elements of a cause of action" or the invocation of mere "labels," the Court finds that they are sufficient, in light of the remainder of the Complaint, to withstand Defendant's Motion to dismiss.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Specifically, the Court is buttressed in its conclusion by reference to two related considerations.

First, the Complaint contains sufficient allegations regarding his employment at the NNMC; the sole source of uncertainty in the Complaint appears to be whether the United States or J&C retained Dr. Zuzukin.  Plaintiff alleged each possibility in the alternative, such that the general factual description regarding Dr. Zuzukin's employment at NNMC is unchanged, irrespective of whether the United States or J&C ultimately employed him.  Given the relatively low threshold required, even after *Twombly* and *Iqbal*, Plaintiff has articulated sufficient facts, "accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 663 (internal quotation marks omitted).  Second, the question of whether an individual is an employee or independent contractor is generally reserved for juries in New Mexico, such that this Court is particularly hesitant here to find that Plaintiff has not plead sufficient factual allegations to state a claim upon which relief can be granted.  *See, e.g.*, *Headley v. Morgan Management Corp.*, 110 P.3d 1076, 1079 (N.M. Ct. App. 2005) ("Normally, the existence of an employment relationship is a question of fact."); *Herr v. Heiman*, 75 F.3d 1509, 1513 (10th Cir. 1996) ("Whether an individual is an employee or an

independent contractor is generally a question of fact for the jury to decide."). Stated differently, given that New Mexico courts generally reserve this question for juries to resolve at trial, where, as here, the admittedly sparse facts admit of multiple readings, the Court will not resolve the question as a matter of law. *Cf. Madsen v. Scott*, 992 P.2d 268, 270 (N.M. 1999) ("Where the material facts are undisputed and susceptible of but one logical inference, it becomes a conclusion of law as to whether the status of an employer-employee relationship exists.") (internal quotation marks omitted). Therefore, Defendant Jackson & Coker's Motion to Dismiss will be **DENIED.**

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant Jackson & Coker's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted [Doc. 7] is **DENIED** and United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support of the Same [Doc. 14] is **GRANTED.**

Dated this 27th day of January, 2016.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE

Scott E. Borg  Erin E. Langenwalter
**Borg & Borg, LLC**  **Assistant United States Attorney**
Albuquerque, New Mexico  Albuquerque, New Mexico
*Attorney for Plaintiff Whitehorse*  *Attorney for Defendant United States*