IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA WHITEHORSE on behalf of
DARNEL WHITEHORSE, a minor,

       Plaintiff,

       vs.                                 1:15-cv-00087-MV-LF

DR. VLADIMIR ZUZUKIN, JACKSON & COKER
PERMANENT, LLC, doing business as JACKSON
& COKER LOCUMTENS, LLC, and
THE UNITED STATES OF AMERICA,

       Defendants.

**<u>ORDER DENYING MOTIONS TO QUASH</u>**

      THIS MATTER comes before the Court on defendant Dr. Vladimir Zuzukin's three

motions to quash subpoenas issued by plaintiff Barbara Whitehorse to Louisiana State University

School of Medicine ("LSU") (Doc. 47), J&G Medical Services Corp. ("J&G") (Doc. 48), and to

the University Medical Center, New Orleans ("UMC") (Doc. 49).  Whitehorse responded to all

three motions.  Docs. 55, 56, 57,[1] 58.  Zuzukin filed replies to the motions regarding subpoenas

to LSU and UMC.  Docs. 60, 61.  Zuzukin did not file a reply to the motion to quash the

subpoena to J&G.  Having reviewed the submissions of the parties and the relevant law, the

Court will deny Zuzukin's motions to quash because the Court lacks authority to rule on them.

      This Court lacks authority to decide Zuzukin's motions to quash the subpoenas issued to

LSU, J&G, and UMC.

---

[1] Plaintiff filed a second response to the motion regarding the subpoena to LSU, Doc 57.  The
Court will construe the second-filed response as an amended response and will consider it as the
operative response.

> Fed. R. Civ. P. 45, which governs motions to quash subpoenas, was amended effective December 1, 2013.  Prior to the amendment, Rule 45 required that subpoenas issue from the district where compliance was required.  The issuing court retained the authority to modify or quash the subpoena.  After the 2013 amendment, however, subpoenas must be *issued* from the court where the action is pending, but the authority to *quash* or modify the subpoena remains with "the court for the district where compliance is required."  Although transfer of a motion to quash from the court where compliance is required to the issuing court is permitted under the rule in certain circumstances, any such transfer is not initiated by the issuing court.

*Tomelleri v. Zazzle, Inc.*, 2015 WL 400904, at *2 (D. Kan. Jan. 28, 2015) (quoting Fed. R. Civ. P. 45(d)(3)(A), (B)) (other citations omitted) (emphasis in original).

The subpoenas issued by Whitehorse to LSU, J&G, and UMC were issued from this Court but require compliance in New Orleans, Louisiana.  Doc. 47 at 5, Doc. 49 at 5.  New Orleans is not in this district, and the motions to quash have not been transferred from the court where compliance is required.  Therefore, this Court lacks authority to rule on Zuzukin's motions. *Tomelleri v. Zazzle, Inc.*, 2015 WL 400904, at *2; *see also Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, 2015 WL 3935726, at *1 (D. Kan. June 26, 2015) (finding the Kansas district court was without authority to rule on defendants' motion to quash when "the district where compliance [was] required" was the District of Colorado).

Zuzukin does not specifically address the issue of whether he brought his motions to quash in "the district where compliance is required."  Fed. R. Civ. P. 45.  Rather, his reply focuses on whether he has standing to quash the subpoenas and whether the subpoenas were a proper avenue in which to obtain discovery.  Docs. 60, 61.  The Court does not reach the issues raised in Zuzukin's reply, as he has failed to file the motions in the proper jurisdiction.

IT IS THEREFORE ORDERED that defendant Dr. Vladimir Zuzukin's motions to quash the subpoenas issued by plaintiff Barbara Whitehorse to Louisiana State University School of Medicine (Doc. 47), J&G Medical Services Corp. (Doc. 48), and to the University Medical Center, New Orleans (Doc. 49) are DENIED.

Laura Fashing
United States Magistrate Judge